# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RANDEZ LONG**
        **Petitioner-Defendant,**

  v.                                **Case No. 13-C-1410**
                                       **(Criminal Case No. 12-CR-241)**

**UNITED STATES OF AMERICA**
        **Respondent-Plaintiff.**

## RULE 4 ORDER

Pursuant to 28 U.S.C. § 2255, petitioner Randez Long moves to vacate his sentence on bank fraud and money laundering charges. The district court must conduct a preliminary review of a § 2255 motion:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing § 2255 Proceedings.

## I. BACKGROUND

On November 14, 2012, the government charged petitioner with two counts of wire fraud, three counts of bank fraud, and one count of money laundering, arising out of his participation in a mortgage fraud scheme. The government's investigation revealed that from January 2005 through April 2008 petitioner and others working with him and at his direction arranged for the purchase or sale of residential properties located in the Milwaukee, Wisconsin area, preparing and submitting loan applications to prospective lenders containing false

information about the borrower's employment, income, and assets. On many of the transactions, petitioner inflated the purchase price, enabling him to divert proceeds from the sale to himself or an entity he controlled. Petitioner also frequently provided the funds that the nominal buyer was supposed to contribute to the purchase. With respect to some of the properties, petitioner and others working in concert with him notified the lender that the borrower was unable to pay the loan, proposing a "short sale" where the borrower would sell the property for an amount substantially less than the amount owed, which the lender would accept. After the lender agreed, petitioner and others working in concert with him provided documents falsely representing to the lender that the short sale occurred when in fact they had fraudulently arranged to sell the property to a third party for an amount substantially greater than the amount represented to the lender. To finance this second sale, petitioner and others working in concert with him fraudulently applied for and obtained new loans from other lenders, providing the new lenders with more false information. Petitioner's conduct caused a loss of nearly $1,000,000 to a total of six institutions.

On March 29, 2013, pursuant to an agreement with the government, petitioner pled guilty to one of the bank fraud counts and the money laundering count. As part of the plea agreement, the government agreed to recommend a sentence of no greater than 30 months; the defense was free to argue for less. The probation office prepared a pre-sentence report ("PSR"), which set a guideline imprisonment range of 63-78 months. The PSR further recommended a restitution figure of $984,043.86. The probation officer attached to the PSR a loss and restitution chart, setting forth the specific losses caused by the subject transactions. At petitioner's July 29, 2013, sentencing hearing I adopted the PSR's factual statements and guideline calculations without objection, then sentenced petitioner to 21 months in prison on

2

each count concurrent, 3 years of supervised release, and $984,043.86 in restitution.

On November 27, 2013, petitioner filed a pro se notice of appeal, and on December 16, 2013, the instant § 2255 motion. On January 3, 2014, I issued an order deferring review of the § 2255 motion pending a disposition from the court of appeals. On February 11, 2014, the Seventh Circuit dismissed the appeal as untimely.

## II. DISCUSSION

### A. Section 2255 Standards

Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." Blake v. United States, 723 F.3d 870, 878-79 (7th Cir. 2013). A § 2255 action does not serve as a substitute for a direct appeal. Varela v. United States, 481 F.3d 932, 935 (7th Cir. 2007). Accordingly, claims not raised at trial or on direct appeal are generally defaulted for collateral review. See, e.g., Sandoval v. United States, 574 F.3d 847, 850 (7th Cir. 2009). "A claim that has been procedurally defaulted ordinarily may only be raised in a § 2255 proceeding if the defendant demonstrates that he is actually innocent, or that there is cause and actual prejudice." Torzala v. United States, 545 F.3d 517, 522 (7th Cir. 2008) (internal quote marks omitted).

3

**B.     Petitioner's Motion**

Petitioner's § 2255 motion lists four grounds for relief.

First, petitioner argues that his sentence is too harsh and not in line with sentencing guidelines, and that the sentence agreement was for less than time than what was imposed. This claim is defaulted because petitioner failed to raise it on direct appeal. The claim also lacks arguable merit. The sentence imposed was far below statutory limits (30 years on the bank fraud count, 10 years on the money laundering count) and the advisory sentencing guideline range (63-78 months). Claims that a sentence, within the maximum authorized by law, is "simply too harsh" are not cognizable under § 2255. Arcila-Pedraza v. United States, No. 1:09CV138, 2009 WL 3228192, at *1 (M.D.N.C. Sept. 28, 2009). Petitioner's plea agreement was not binding, see Fed. R. 11(c)(1)(C), and in any event I imposed less time than the government agreed to recommend. Petitioner contends that the sentence is impeding his ability to be an effective husband and father, but that does not provide a basis for relief under § 2255. See Valencia v. United States, No. 11 Civ. 1221, 2012 WL 701227, at *3 (S.D.N.Y. Mar. 6, 2012) ("Valencia's claim of hardship on his family constitutes a plea of leniency, which is not cognizable under 28 U.S.C. § 2255.").

Second, petitioner argues that incarceration is unjust and harsh; the monetary loss was below $1,000,000, and 21 months in prison is cruel and unusual punishment. He further contends that the restitution figure needs to be reviewed by an independent accounting firm. This claim is also defaulted because petitioner failed to raise it directly. The claim also lacks arguable merit. A 21-month sentence, far below both the statutory maximum and the advisory

guideline range, cannot be deemed cruel and unusual.[1]  See United States v. Jones, 696 F.3d 695, 699-700 (7th Cir. 2012); see also United States. v. Nigg, 667 F.3d 929, 938 (7th Cir. 2012) (collecting cases).  Petitioner failed to object to the restitution figure when the case was here originally, and he cannot obtain review now.  See Barnickel v. United States, 113 F.3d 704, 706 (7th Cir. 1997) (holding "that § 2255 is not available to challenge an order of restitution imposed as part of a criminal sentence").  In any event, the PSR set forth in detail the basis for its loss/restitution determination, and petitioner points to no flaws in those calculations.

Third, petitioner argues that the length of his sentence places him in jeopardy of bankruptcy; home confinement would, he contends, be more effective and allow him to maintain his home.  As indicated above, § 2255 provides relief for constitutional or jurisdictional errors, or other fundamental defects; it does not permit the court to reduce a sentence based on claims of hardship.  See Valencia, 2012 WL 701227, at *3.

Fourth, petitioner argues that because this was his first federal offense he should have been given an opportunity to serve a probationary sentence.  This claim is also defaulted, non-cognizable under § 2255, and lacking in merit.  There is no rule against imprisoning a first-time federal offender.[2]

---

[1]Petitioner specifically contends that 21 months "in this facility" is cruel and unusual.  To the extent that petitioner may be challenging the conditions of his confinement, rather than the length of his sentence, § 2255 is not the proper vehicle.  See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) (explaining that challenges to the conditions of prison life are generally brought under § 1983, while challenges to the fact or length of custody are the subject of habeas corpus).

[2]Petitioner fell in criminal history category V based on prior state and local convictions for possession with intent to deliver cocaine and carrying a concealed weapon, resisting an officer, assault and battery, and fleeing.  He committed the instant offense while on probation in the fleeing case.

5

## III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's motion is **DENIED**, and this case is **DISMISSED**.  The Clerk is directed to enter judgment accordingly.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2255 petitioner.  In order to obtain a COA, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The standard for making a "substantial showing" is whether reasonable jurists could debate whether the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  For the reasons stated above, petitioner cannot make such a showing, so I decline to issue a COA.

Dated at Milwaukee, Wisconsin, this 13th day of February, 2014.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge